IN THE MATTER OF THE PETITION OF NATHANIEL L. McCREADY TO VACATE AN ASSESSMENT, ETC.

*Assessment — how the amount of the reduction to be made in it is to be determined — 1870, chap. 383, sec. 27.*

The commissioner of public works certified that the entire cost of constructing a sewer in Tenth avenue was $133,838.63.    $72,679.66 of this amount was assessed upon the property fronting upon the avenue and $61,158.97 upon the city at large.    Upon the hearing of an application, made by one of the property owners assessed, to vacate the assessment against him, it was shown that the reasonable cost of the work was $44,082.48.    It was not claimed that the amount assessed upon the property exceeded one-half of its assessed value for the purposes of taxation.    The Special Term, acting under section 27 of chapter 383 of 1870, ordered the amount of the assessment to be reduced in the ratio of $44,082.48 to $133,838.63.

*Held,* that as the property owner was not injured by the assessment imposed upon the city, and as it was to be presumed that the assessment imposed upon the city was only for the amount by which the cost of the work exceeded one-half of the assessed value of the property benefited, the amount of the applicant's assessment should only have been reduced in the ratio of $44,082.48 to $72,679.66.

APPEAL by the Mayor, etc., of the city of New York, from an order made at a Special Term reducing an assessment so far as it was imposed upon the petitioner's property.

*J. A. Beall,* for the appellant.

*John C. Shaw,* for the respondent.

DANIELS, J. :

The assessment was made for about sixty-seven per cent of the entire cost of the construction of the sewer in Tenth avenue, between One Hundred and Tenth street and Manhattan street. The whole of the expense was certified by the commissioner of public works to be the sum of $133,838.63, and of this amount $72,679.66 was assessed upon the property on the line of the work and $61,158.97 upon the city at large. At the hearing before the Special Term it was shown that the reasonable cost of the work amounted to no more than the sum of $44,082.48, and by the order

made the assessment on the petitioner's property was reduced practically on the same per centage of division as had been made in certifying and dividing the expenses of the improvement. This was probably in accordance with the literal reading of section 27, chapter 383 of the Laws of 1870. For by that it has been provided that when it shall appear that the expense of a local improvement has been unlawfully increased the assessment for it upon the lands of the aggrieved party may be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of the improvement.

But in the enactment of this section of the statute the legislature seems to have been actuated by the intention to provide by it for the correction of the assessment, so far only as it may be made upon the property of the party aggrieved and applying for correction. It is a statute for his relief, and in its construction it should be extended no further than may appear to be necessary to produce that result.

It was not objected in the case that the proportion of the expenses of the improvement, which was in fact assessed upon the property on the line of the work, exceeded one-half of its assessed value for the purposes of taxation. And in the absence of any allegation of that kind, or of proof showing it to have been the fact, the court is not at liberty to infer that the assessment in any respect exceeded that limit and thereby contravened the policy of the act of 1840. The presumption on the other hand, if a presumption is to be entertained, is that the excess in what was reported as the cost of the work over and above the amount assessed upon the owners of the property was imposed upon the city in order to avoid an over assessment on the property deemed to be benefited by the improvement. If this is the correct view resulting from the statement contained in the case, then the property on the line of the improvement could legally be charged with the sum actually imposed upon it if that had been the real expenditure required for the performance of the work. In other words, if the whole cost of the work had not exceeded this sum of $72,679.66, it would, all of it, have been lawfully assessed against the property benefited. As to the owners of this property that was the reported cost of the work, for

it was all that they had been required to pay for making the improvement, and by the fair construction of the terms of the statute this is the amount to be considered in adjusting the rights and obligations of the property owners according to its provisions. For it was only the difference between this amount and the proper cost of the work by which they could allege themselves to have been aggrieved by means of the assessment. To that extent and no further were they made the subjects of legal injury, and to remedy that was the plain design and object of this provision of the statute.

By the proof which was given, the cost of this work should not have exceeded the sum of $44,082.48, and it was in his proportion of the difference between this amount and the sum of $72,679.66 that had been assessed upon the property of the petitioner, that injustice had been done to him, and he had been legally aggrieved. For by assessing that proportion of this difference, he was, to that extent in theory, rendered liable to pay for what his property had received no real equivalent.

The fact that the city may also have been defrauded by the charge of the additional amount, in no manner tended to produce injury to the applicant, otherwise than as one of the taxpayers of the city. And for any injury he may have sustained in that capacity he had a different remedy, which it was no part of the provision made by this statute to correct. But it was restricted, as already stated, to the power of rectifying the assessment actually made upon his property, so far as it might be made to bear its proportion of any part of an unlawful expenditure for its improvement. If the cost of the work had been limited in the report made of it to the actual expenditure required for its performance, then the property of the petitioner would have been obliged to have borne its full proportion of that entire amount. No part whatever of that could, by any possibility, have been charged upon the city.

It is clear, therefore, that the only legal injury, resulting from the proceeding, to him or his property, is that which was produced by including within the assessment a proportionate part of the difference between the actual and proper cost of the work and this sum of $72,679.66. And to correct the assessment as this act provided that should be done, all that was necessary was to deduct his proportion of this difference from the assessment appearing to have

been made. In doing that, his property may be lawfully charged with its proportionate part of the entire value of the improvement as that was shown and found upon the hearing, and in making this correction nothing further than this actual cost was required to be considered, and the difference between that and the gross amount of the assessment made upon the property benefited by the work. A much larger deduction than that was made by the order; for it proceeded upon the whole cost of the work, as that had been reported by the commissioner of public works. That afforded the petitioner the same advantage that would have been derived by him if the whole sum, as reported, of $133,838.63 had been imposed upon the property benefited by the improvement. If that had been the fact, the reduction made by the order would have been proper. For he then would have been aggrieved by his proportion of the difference between that sum and what was found to be the proper cost of the work. But as $64,780.76 of this entire aggregate was charged upon the city, the petitioner was no more affected by it, within the legal construction of this statute, than he would have been if no such sum had been for any purpose allowed as a part of the cost of the improvement. As to him, the assessed cost was $72,679.66, while the actual cost was $44,082.48, and by relieving his property of its proportion of the difference between these two amounts, justice will be done to him in the proceeding. The order should accordingly be modified by making that correction and requiring the petitioner to pay his full proportion of what appears to have been the actual cost of the work, and as so modified it should be affirmed, without costs of this appeal.

DAVIS, P. J., concurred.

BRADY, J.:

I concur, but not without doubt.

Order modified as directed, and affirmed as modified, without costs.